It was objected by Mr. Hamilton for the plaintiff, that when the handwriting of a deceased witness cannot be proved, it is irregular to prove the handwriting of the obligor himself, that being not essential to the deed, and not amounting to any proof of the delivery of it.
The law only requires the best evidence the party has in his power. The subscribing witness must be produced when there is one; if he be dead, proof of his handwriting may be admitted; and if the handwriting of the witness cannot be proven, then proof of the handwriting of the obligor may be received; this affording a strong evidence that the obligor meant to make himself chargeable by that signature. And the defendant in the present case was permitted to prove the handwriting of the obligor.
See Clements v. Eason, ante, 18.
Cited: McKinder v. Littlejohn, 23 N.C. 71; Carrier v. Hampton,33 N.C. 311; Howell v. Ray, 92 N.C. 512.